

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

October 6, 2022

TAYLOR C. EAGAN
DIRECT: (914) 449.1052
TEAGAN@KBRLAW.COM

**VIA ECF AND FACSIMILE (212) 805.7942**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 14D
New York, New York 10007

Time to answer is enlarged to November 7, 2022. A motion is required to obtain additional relief and further enlargements.

/s/ Alvin K. Hellerstein
October 9, 2022

Re:   *Scott v. United Odd Fellow and Rebekah Home d/b/a Rebekah Rehab and Extended Care Center et al.*
S.D.N.Y. Case No. 1:22-cv-07102-AKH

Dear Judge Hellerstein:

The undersigned represents defendant Rebekah Home d/b/a Rebekah Rehab and Extended Care Center ("Defendant") in the above-referenced action. Please allow the following to serve as Defendant's request, in letter-motion form pursuant to Joint Local Civil Rule 7.1(d) and in compliance with Joint Local Civil Rule 5.2(b), for an extension of time to answer or otherwise respond to the Complaint until the issues summarized below are resolved. Defendant further requests that motion practice be held in abeyance until the United States Court of Appeals for the Second Circuit resolves threshold jurisdictional issues currently before it in *Leroy v. Hume*, Case Nos. 21-2158, 21-2159 (cons.), and *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, Case No. 21-2164, including any anticipated remand motion that may be filed by Plaintiff. Oral argument has been calendared in both appeals for October 31, 2022.

Defendant removed this action because Plaintiff's Complaint alleges injury relating to the administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 within the meaning of the Public Readiness and Emergency Preparedness Act. 42 U.S.C. 247d-6d and 42 U.S.C. 247d-6e, respectively (hereinafter "PREP Act"). Defendant asserts federal subject matter jurisdiction on the grounds that these claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2)

"aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*., 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l). Similar issues of subject matter jurisdiction in this case are presently before the Second Circuit in the *Leroy* and *Rivera-Zayas* appeals.

At present, multiple courts in the Eastern and Southern Districts of New York have recently stayed motion practice, even over the objections of plaintiffs, in similarly situated cases as a matter of judicial efficiency. *See, e.g., Horton v. Bronx Harbor Health Care Complex, Inc., et al.*, 1:22-cv-06763-ER (S.D.N.Y. Sept. 20, 2022) (issuing stay pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas* appeals); *Gonzalez v. Parker Jewish Institute for Health Care & Rehabilitation, et al.*, 2:22-cv-05199-AMD-ST (E.D.N.Y., Sep. 9, 2022) (imposing stay and holding motion practice in abeyance pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas,* which are likely to be instructive in this action); *Gavin v. Jackson Heights Care Center, LLC, et al.*, 1:22-cv-05006-AMD-RER (E.D.N.Y., Sep. 7, 2022) (same); *Cusimano v. Eastchester Rehabilitation and Health Center,* 1:22-cv-06453-DLC (S.D.N.Y., Aug. 29, 2022) (issuing stay pending Second Circuit's resolution of *Rivera-Zayas* and *Leroy* appeals)*; Loggia v. Carmel Richmond Nursing Home,* 1:22-CV-04678-AMD-VMS (E.D.N.Y. Aug. 24, 2022) (holding motion practice in abeyance pending resolution of pending Second Circuit appeals); *Berlin v. SGRNC LLC, et al,* 1:22-cv-04567-WFK-TAM (E.D.N.Y, Aug. 10, 2022) (staying case pending Second Circuit's resolution of jurisdictional questions at issue), *denying motion for reconsideration* (Aug. 11, 2022); *Alston v. Harlem Center for Nursing and Rehabilitation, LLC, et al.*, 1:22-cv-06293-LAK-OTW (S.D.N.Y., Aug. 10, 2022) (same); *Kump v. Chapin Home For The Aging*, Case No. 1:22-cv-03189-DG-MMH (E.D.N.Y. July 19, 2022) (holding motion practice in abeyance pending Second Circuit's resolution of *Rivera-Zayas* and *Leroy* which are "likely to be instructive in this action"); *Weppler v. Highfield Gardens Care Center of Great Neck,* Case No. 2:22-cv-02905-AMD-CLP (E.D.N.Y. June 3, 2022) (same). (*See* Orders attached hereto).

And as was recently determined in *McGovern v. Our Lady of Consolation Geriatric Care Center*, No. 2:22-cv-05558-ENV-ST (E.D.N.Y. Sept. 29, 2022), the Eastern District concluded the Second Circuit's resolution of *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center, et al.* (Case No. 21-2164), and *Leroy v. Hume* (Case Nos. 21-2158, 2159), will likely be instructive, if not dispositive, in this action. Thus, the Court properly exercised its staying power because "a higher court is close to settling an important issue of law bearing on the action." *Id.* (*citing Sikhs for Just. v. Nath*, 893 F. Supp.2d 598, 622 (S.D.N.Y. 2012)).

Alternatively, should this Court decline a stay of motion practice, Defendant respectfully asks that the Court set a briefing schedule for Defendant's motion to dismiss, under Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6), and requests that the time to answer the Complaint be extended until after the proposed motion is decided.

KAUFMAN BORGEEST & RYAN LLP

The federal PREP Act confers immunity from suit and liability upon Defendant because Plaintiff's claims arise out of and relate to the administration of covered countermeasures, as defined by the PREP Act, for the prevention, diagnosis and/or treatment of COVID-19.  As such, Defendant respectfully submits that the immunity provisions of the PREP Act bar suit for the claimed injuries, requiring dismissal of the Complaint.  Plaintiff's claims are also barred by New York's EDTPA, which mandates dismissal of any claim involving care that was impacted by acts or decisions by healthcare providers and facilities in response to the COVID-19 pandemic.  Plaintiff alleges injury resulting from the provision of health care services pursuant to a COVID-19 emergency rule, and the patient's care and treatment were impacted by Defendant's decisions and activities in response to the COVID-19 outbreak. The entire premise of the Complaint is a critique of Defendant's activities and decisions in response to or as a result of the COVID-19 outbreak, thereby triggering the immunity conferred by the EDTPA and requiring dismissal.

Additionally, Plaintiff lacks standing to pursue this claim as the action was commenced by a mere "Proposed Administrator.  *See, e.g.,* N.Y. E.P.T.L. §5-4.1(1); *see also In re Sept. 11 Litigation*, 760 F. Supp.2d 433 (S.D.N.Y. 2011) ("To assert a claim under [N.Y. E.P.T.L.] section 5-4.1(1), a plaintiff must be the duly appointed 'personal representative' of the decedent.") (*quoting George v. Mt. Sinai Hosp.*, 47 N.Y.2d 170, 177, 390 N.E.2d 1156 (N.Y. 1979)).

As the time to Answer the Complaint has expired, we respectfully request, pursuant to Your Honor's Rules, Section 1(D.), an extension of the deadline to answer or otherwise respond to the Complaint.  We further respectfully request that the deadline be stayed until disposition of the issues presently before the Second Circuit Court of Appeals.

An extension of time, even after the original time has lapsed, is permitted under Rule 6(b)(1), where the party "failed to act because of excusable neglect."  *See Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992*); Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y. 2014).  The undersigned contacted Plaintiff's counsel on several separate occasions seeking clarity on whether they intended to move to remand this action as they had apparently done in every other similar case in which they are counsel.  Finally, yesterday, October 5, 2022, Plaintiff's counsel advised us that their anticipated course of action was indeed to file a motion to remand.  Given the parallels in issues between this case and those pending before the Second Circuit, there are weighty interests at stake and the undersigned's inadvertence in filing a responsive pleading was a product of the developments in those matters.  After realizing the inadvertently missed deadline, the undersigned acted expeditiously and in good faith to submit this request; as Plaintiff has not yet appeared in this removed action, there is no prejudice to the opposing party.  The requested extension, given the short length of this delay and the nascent stages of proceedings, would have no adverse impact on the judicial proceedings.

KAUFMAN BORGEEST & RYAN LLP

The original deadline expired on August 26, 2022, pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure.  This request is the first such request for an extension.  Given the early stages of litigation, no subsequent dates or deadlines have been set, including conferences. We also reached out to Plaintiff's counsel concerning this matter but have not received a response as of this writing.

We thank the Court for its continued attention to this matter.


Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

*[signature]*

Taylor C. Eagan (TE8157)